SALTER, J.
A.G., a juvenile, appeals from an order withholding adjudication of delinquency after being found guilty of trespass to a conveyance. We reverse.

*1066
Facts

On April 3, 2008, a Miami-Dade Police Department officer was on patrol when he saw A.G. riding a motorcycle in an erratic fashion. The officer ran the motorcycle’s tag number, which did not match the vehicle description, and followed A.G. to his destination. The officer identified himself and asked A.G. for his license and registration. After noticing that the motorcycle’s engine was running without a key and that something had been jammed in the ignition, the officer requested backup, ran the motorcycle’s VIN number (which came up as being reported stolen), arrested A.G., and read him his Miranda rights. A.G. then stated that he borrowed the motorcycle from an individual around the corner for a test drive, as he was planning on purchasing it for a few hundred dollars. A.G. also agreed to take the officers to the owner, but nobody was found at the location. The motorcycle was towed to the police impound, where it was later retrieved by Wilfredo Haylock, the purported owner.
A.G. was charged with grand theft of a motor vehicle, and the case proceeded to an adjudicatory hearing. At the close of the State’s evidence, defense counsel moved for judgment of dismissal on the ground that no evidence showed that A.G. was riding Mr. Haylock’s motorcycle, as the VIN numbers, manufacturers, and level of damage on the vehicles did not match. The court denied the motion and found A.G. guilty of trespass to a conveyance. Adjudication of guilt was withheld, and A.G. received a judicial warning. This appeal followed.

Analysis

The witness testimony during the hearing created a substantial uncertainty as to whether the motorcycle A.G. was riding was the same motorcycle that was reported as stolen. We reverse, because the State failed to make a prima facie case that the motorcycle A.G. was riding was indeed Mr. Haylock’s.
Witness testimony revealed a discrepancy in VIN numbers, and Mr. Haylock testified that his stolen motorcycle was a Kawasaki, while Officer Castillo testified that the motorcycle A.G. was riding was a Honda. In addition, Mr. Haylock testified that the extensive damage to his recovered motorcycle rendered it unusable, including broken turning lights, a flat tire, and damage to the rear fender, gas tank cover, and ignition key. Officer Castillo, on the other hand, did not notice any unusual damage to the motorcycle when he encountered A.G. other than the fact that the key slot was “chewed up” and the bike was running without a key in the ignition. Defense counsel’s motion for judgment of dismissal should have been granted.
Reversed.